IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES WILLIAMS, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ARAMARK SPORTS, L.L.C., ARAMARK SPORTS, INC., AND ARAMARK, <br><br> Defendants. | Civil Action No. _____ <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

Plaintiff JAMES WILLIAMS, brings this action against Defendants Aramark Sports, L.L.C., Aramark Sports, Inc. and Aramark (hereinafter, "Defendants" or "Aramark") on behalf of all current and former food, beverage and service employees who worked at, and were assigned to Citizens Bank Park, Wachovia Center or Lincoln Financial Field during the relevant time period and who did not receive all of their wages or overtime pay as required by the Pennsylvania Minimum Wage Act ("MWA") or the Pennsylvania Wage Payment and Collection Law ("WPCL"), and in support would show as follows:

## I.
## OVERVIEW AND STATEMENT OF FACTS

1. Defendants are in the business of providing food and beverage services at Citizens Bank Park, Wachovia Center and Lincoln Financial Field. The Plaintiff and the potential class members were employed by Defendants at one or more of these facilities which are all located in or around the Philadelphia, Pennsylvania area. While employed during the relevant time period,

1

the Plaintiff and the potential class members were regularly deprived of all of their wages. Specifically, food and beverage service employees were required to work through lunch without pay, work through breaks and/or rest periods without pay and were not properly credited for overtime purposes for work performed at different facilities during the same pay period. Additionally, Defendants failed to maintain accurate records of hours worked or proper records reflecting how wages were calculated. Accordingly, this lawsuit has been filed to remedy Defendants systematic and unlawful wage practices and to recover their unpaid wages, liquidated damages, interest, attorneys' fees and costs.

## II.
## PARTIES

2. Plaintiff James Williams, is a resident of Philadelphia, Pennsylvania. Plaintiff brings this action in his own right and on behalf of all similarly situated food and beverage service employees of Defendants, a substantial number of whom are residents or and domiciled in the State of New Jersey.

3. Defendant Aramark Sports, Inc. is a corporation which provides food and beverage services at Citizens Bank Park, Wachovia Center and Lincoln Financial Field. This Defendant maintains a business address of 1101 Market Street, Philadelphia Pennsylvania 19107.

4. Defendant Aramark Sports, Inc. is a corporation which provides food and beverage services at Citizens Bank Park, Wachovia Center and Lincoln Financial Field. This Defendant maintains a business address of 1101 Market Street, Philadelphia Pennsylvania 19107.

5. Defendant Aramark is a corporation which provides food and beverage services at Citizens Bank Park, Wachovia Center and Lincoln Financial Field. This Defendant maintains a business address of 1101 Market Street, Philadelphia Pennsylvania 19107.

## III.
## JURISDICTION AND VENUE

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.§1332(d)(2)(A), the Class Action Fairness Act ("CAFA"). The case is a class action, the parties, including a substantial number of the putative class members, are diverse and the amount in controversy exceeds $5,000,000 exclusive of interest and costs.

7. Plaintiff's claims involve matters of national or interstate interest.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391

## IV.
## CLASS ACTION ALLEGATIONS

9. Plaintiff sues on his own behalf and on behalf of a Class of current and former food and beverage services employees of Defendants who worked at Citizens Bank Park, Wachovia Center or Lincoln Financial Field for the three year period prior to the date this complaint is filed through the entry of judgment in this case. (hereinafter, the "Class Members")

10. The persons identified in the Class are so numerous that joinder of all class members is impracticable.  Upon information and belief, from March 10, 2007 to the present, there are thousands of current and former employees who meet the class definition.

11. Plaintiff's wage claims are typical of the wage claims sought by the Class Members because they are current or former food and beverage services employees of Defendants who worked at Citizens Bank Park, Wachovia Center and Lincoln Financial Field and who sustained damages as a result of Defendants' failure to comply with the MWA and the WPCL.

12. Plaintiff will fairly and adequately protect the interests of the Class Members. Additionally, counsel for Plaintiff are experienced wage and hour lawyers and are qualified to serve as Counsel for the Class Members.

13. Common questions of law and fact exist as to all the Class Members and predominate over any questions solely affecting individual class members. Among the common questions of law and fact are:

   a. Whether the Defendants have engaged in a pattern or practice at Citizens Bank Park, Wachovia Center and Lincoln Financial Field of not paying the Class Members for all of the hours they work each day;

   b. Whether the Defendants have engaged in a pattern or practice at Citizens Bank Park, Wachovia Center and Lincoln Financial Field of not paying the Class Members overtime when they work more than forty hours a week;

   c. Whether the Defendants have failed to properly compensate the Class Members at Citizens Bank Park, Wachovia Center and Lincoln Financial Field for working through all or part of the unpaid meal periods;

   d. Whether the Defendants have failed to properly compensate the Class Members at Citizens Bank Park, Wachovia Center and Lincoln Financial Field for working through their rest periods;

   e. Whether the Defendants were obligated to compensate the Class Members for all of the time they spent working on behalf of Defendants at Citizens Bank Park, Wachovia Center and Lincoln Financial Field;

   f. Whether the Defendants violated the MWA by failing to compensate the Class Members for minimum wage and overtime;

    g. Whether the Defendants violated the WPCL by failed to compensate the Class Members for all of their wages during the appropriate pay period;

    h. Whether the Defendants have maintained proper and accurate records of all hours worked;

    i. Whether the Defendants are liable for unpaid wages and overtime pay, liquidated damages, attorneys' fees, costs and interest; and

    j. Whether this lawsuit should be maintained as a class based on Defendants' violations of the MWA and WPCL.

14. Class action treatment is superior to all of the alternatives to ensure the fair and efficient adjudication of the controversy alleged herein. Treating this as a class action will permit a large number of similarly situated individuals to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There will be no difficulties in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Moreover, the names of the Class Members and the records at issue are readily discernable and identifiable from the Defendants' payroll and business records.

15. A class action is the superior method to litigate these claims because joinder of all Class Members is impractical, if not impossible. Moreover, because many of the claims at issue are small in relation to the cost and expense of prosecuting individual claims, these claims require class-wide adjudication.

16. Prosecution of separate actions by individual class members would also create the risk of inconsistent or varying adjudication with respect to individual members of the class that would establish incompatible standards of conduct for the Defendants.

# V.
# CLAIMS FOR RELIEF

## COUNT I—PENNSYLVANIA MINIMUM WAGE ACT

17. Plaintiff hereby incorporates by reference all of the preceding paragraphs.

18. The class period for this claim is three years from the date this lawsuit is filed through the entry of a judgment in this case. Plaintiff and the Class Members are entitled to minimum wages and overtime based on all of the hours that they worked pursuant to the MWA.

19. By failing to pay Plaintiff and the Class Members their regularly hourly rate for all hours worked under forty hours and one and one-half times the regular hourly rate for all hours worked in excess of forty hours a week, Defendants have violated the minimum wage and overtime provisions of the MWA, 43 P.S. §333.101, §333.104 and all of the applicable regulations.

20. By failing to pay Plaintiff and the Class Members for the time spent working during meal and rest periods, Defendants have violated the minimum wage and overtime provisions of the MWA, 43 P.S. §333.104(a)(5)(a.1) and §333.101, *et seq.*

21. As a result of Defendants' violations of the MWA, Plaintiff and the Class Members are entitled to recover the amount of their unpaid wages and overtime together with liquidated damages, interest, attorneys' fees and costs.

## COUNT II—PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

22. Plaintiff hereby incorporates by reference all of the preceding paragraphs.

23. The class period for this claim is three years from the date this lawsuit is filed through the entry of a judgment in this case. The WPCL requires that employees receive payment for all hours worked on pay days designated in advance by the employer. The WPCL also requires that overtime wages be paid in the next succeeding pay period. WPCL, 43 P.S. §260.3.

24. Defendants have failed to pay the Class Members all of their wages, including overtime wages, to the extent applicable within the statutory time period. As such, Defendants have violated the provisions of the WPCL, 43 P.S. §260.1, *et seq.*

25. As a result of Defendants' violations of the WPCL, Plaintiff and the Class Members are entitled to recover the amount of their unpaid wages and overtime together with liquidated damages, interest, attorneys' fees and costs.

## VI.
## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of the Class Members, pray for judgment against Defendants as follows:

a. That the Court determine that the Class Members can proceed as a class under Counts I and II described above;

b. Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (b)(3) on behalf of the members of the Class and appointing Plaintiff and his counsel to represent the Class;

c. That the Court enter a declaratory judgment that the Defendants' actions violate the rights of Plaintiff and the Class Members under the MWA and WPCL;

d. That the Court award Plaintiff and the Class Members all of their unpaid wages and overtime, liquidated damages, pre-judgment interest, post-judgment interest and any other statutory penalty to which they are entitled to under the MWA and

WPCL; and

e.   That the Court awards Plaintiff and the Class Members all of their attorneys' fees and costs.

## JURY TRIAL DEMAND

Plaintiff and the Class Members hereby demand a trial by jury for all of the issues that are triable by a jury.

RESPECTFULLY SUBMITTED,

WILLIG, WILLIAMS & DAVISON

BY: /s/ Patricia V. Pierce
PATRICIA V. PIERCE
Attorney I.D. No. 23129
1845 Walnut St., 24th Fl.
Philadelphia, PA 19103
215-656-3673 (Telephone)
215-561-5135 (Facsimile)
ppierce@wwdlaw.com

Michael A. Josephson
Texas Bar No. 24014780
**FIBICH, HAMPTON & LEEBRON, LLP**
1401 McKinney, Suite 1800
Houston, Texas 77010
713-751-0025 (Telephone)
713-751-0030 (Facsimile)

Dated:  March 10, 2010